UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

KENNETH FRANKLIN BEALS,

        Defendant.
_____/

NO. CR. S-09-00485 KJM

ORDER

Defendant has filed a motion to dismiss for outrageous government conduct. Since the motion's filing, the court has held proceedings to determine whether defendant has made a sufficient showing to require an evidentiary hearing. Initially, the court considered whether defendant had made the showing required to obtain disclosure of the identity of the government's confidential informant. In finding that defendant had made the required minimal showing, the court ordered an in camera interview of the arresting officer who relied on the confidential informant. (ECF No. 37.) Following the interview, the court ordered the transcript of the interview unsealed; during the interview the officer disclosed the identity of the informant. (ECF No. 42.)

In supplemental briefing since the transcript's unsealing, the defense seeks discovery of any grand jury transcripts associated with issuance of the indictment. The

/////

government opposed unsealing of the grand jury procedings. After argument on December 8, 2011, the court directed the government to provide any grand jury transcripts to the court for in camera review. (ECF No. 49.) On January 11, 2012, the government submitted a transcript, which the court has now reviewed.

Federal Rule of Criminal Procedure 6 provides for the secrecy of grand jury proceedings, with exceptions. As relevant to the pending motion in this case, the rule provides:

> The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter:
>
> (i) preliminarily to or in connection with a judicial proceeding;
>
> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury; . . .

Fed. R. Crim. P. 6(e)(3)(E). In applying Rule 6(e)(3)(E), "[a] trial judge should order disclosure of grand jury transcripts only when the party seeking them has demonstrated that a 'particularized need exists . . . which outweighs the policy of secrecy.'" *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (citing *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400 (1959) and *Dennis v. United States,* 384 U.S. 855, 870 (1966)). The precedent reflects "a general suggestion in favor of disclosure," *id.* (relying on *Dennis*, 384 U.S. at 870-71), while at the same "[m]ere 'unsubstantiated, speculative assertions of improprieties in the proceedings'" do not satisfy the "particularized need" standard. *United States v. Ferreboeuf*, 632 F. 2d 832, 835 (9th Cir. 1980) (denying disclosure of grand jury transcripts where request based "only on the speed with which the indictment was returned"). *See also United States v. Bennett*, 702 F.2d 833, 836 (9th Cir. 1983) (no particularized need based on defense assertion of "no way of knowing whether prosecutorial misconduct occurred"); *United States v. Murray*, 751 F.2d 1528, 1533-34 (9th Cir. 1985) (alleged instances of misconduct during first grand jury proceedings insufficient to show need for disclosure of second proceedings).

In this case, the police report of defendant's arrest indicated that the arresting officer initially contacted defendant because his vehicle, a model that was "commonly stolen,"

1  was double parked.  After defendant disclosed he was on probation, the officer detained him and
2  searched the van, finding the firearm identified in the indictment proceeding in this court.  The
3  report does not disclose reliance on an informant.  (*See* ECF No. 13-1.)  When interviewed by
4  the court, the arresting officer indicated he contacted the defendant based on information he had
5  received from a confidential informant. (*See* ECF No. 41.)  Given these differing accounts, the
6  defense request to test the information provided to the grand jury is not without foundation.
7  While the court makes no judgment as to the ultimate likelihood of dismissal, the court cannot at
8  this point rule out the possibility that grounds "may exist to dismiss the indictment because of a
9  matter that occurred before the grand jury."  The differing accounts provided as the basis for
10 defendant's arrest provide, by a hair, a particularized need outweighing the policy of secrecy
11 typically accorded grand jury proceedings. *See Bank of Nova Scotia v. United States*, 487 U.S.
12 250, 263 (1988) (a court may dismiss an indictment where grand jury proceeding "violations had
13 an effect on the grand jury's decision to indict."); *but see United States v. Williams*, 978 F.2d
14 1133 (9th Cir. 1992) (holding officer's perjured testimony regarding purpose of surveillance was
15 immaterial to innocence or guilt and therefore did not warrant dismissal). Even if dismissal is
16 unlikely, defendant may use the transcripts for preparation of the present case. *See United States*
17 *v. Fischbach and Moore, Inc.*, 776 F.2d 839, 845  (9th Cir. 1985) ("the need to impeach
18 testimony or refresh recollection during depositions can establish a compelling need for
19 disclosure").

20         Additionally, here no justification exists to retain the secrecy of the excerpt at
21 issue. *Fischbach and Moore, Inc.*, 776 F.2d at 844 ("as the considerations justifying secrecy
22 become less relevant, a party asserting a need for grand jury transcripts will have a lesser
23 burden"(quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 229 (1979)). In
24 /////
25 /////
26 /////
27 /////
28 /////

*Douglas Oil*, the Supreme summarized the justifications for the secrecy of grand jury testimony:

> [I]f preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

441 U.S. at 218; *see also United States v. Fowlie*, 24 F.3d 1059, 1066 n.5 (9th Cir. 1994) (summarizing reasons for retaining secrecy of grand jury proceedings). The justifications for secrecy are wholly absent and, in this instance, fairness counsels in favor of providing defendant with access to the transcript except. *See Fischbach and Moore*, 776 F.2d at 843 ("One party's possession of grand jury transcripts necessarily favors disclosure to the opposing party as a matter of fairness and because there is a lesser interest in secrecy after the initial disclosure."). At the same time, even though the particulars of this case favor disclosure, disclosure here should not be construed as undermining the general interest in retaining grand jury secrecy. *Id*. ("The broader societal interest in protecting grand jury secrecy remains, even though disclosure to one party may have defeated the secrecy interests of a particular witness or the party accused before the grand jury.").

Accordingly, the court ORDERS the transcript of grand jury proceedings provided by the government UNSEALED. The Clerk of the Court shall file the transcript on the public docket of this case.

DATED: February 1, 2012.

_____
UNITED STATES DISTRICT JUDGE

4