UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

KENNETH FRANKLIN BEALS,

        Defendant.
_____/

NO. CR. S-09-00485 KJM

ORDER

Defendant Kenneth Beals is charged with one count of possession of a firearm by an ex-felon, in violation of 18 U.S.C. § 922(g)(1). (ECF 1.) He filed an amended motion to suppress a firearm and incriminating statements on February 3, 2011; in the motion he also requests an evidentiary hearing. (ECF 13.) The government filed an opposition to the motion on March 21, 2011. (ECF 19, 23.) Defendant has not filed a reply. Proceedings on the motion were deferred pending the court's resolution of defendant's motion to dismiss, which the court denied on April 10, 2012. (ECF 63.) At a status conference and motion hearing held on May 30, 2012, defendant appeared in custody with his counsel, Robert Holley; the government was represented by Assistant United States Attorney William Wong. Defense counsel declined oral argument on the motion to suppress, while indicating that he considered its outcome determined by the court's denial of the motion to dismiss. Government counsel also did not argue. The
/////

court took the matter under submission. For the following reasons, the motion to suppress is DENIED.

I. Introduction

Defendant's motion aims to suppress the gun seized during a search of his Dodge van on October 19, 2009, as well as statements he made following the search. He argues that Sacramento Police Officer Harshbarger and the other arresting officer did not have reasonable suspicion to approach the van, which was parked in front of a liquor store, much less probable cause to conduct a warrantless search of the van. The government argues that Officer Harshbarger was authorized under state law to arrest defendant, because the officer had obtained information based on a confidential informant's report showing that defendant was wanted on two outstanding felony warrants; the search of the van was lawful as incident to the arrest. The government also argues that the confidential informant's report that defendant was a felon in possession of a firearm provided probable cause to search defendant and his van. The government argues as well that the search of defendant and his van was justified by the fact that both defendant and his passenger in the van were on searchable probation.

II. Factual Background

In his police report, Officer Harshbarger said he approached the van because he knew "this model of Caravan is commonly stolen."[1] When defendant, who was inside the van, said he was on probation and the passenger said he was on parole, Harshbarger and his partner ordered the van's occupants detained. (ECF No. 13-1 at 1.) A warrants check showed active Lake County warrants for defendant. *(Id.)* The officers searched the van and found a gun in the area where defendant had been sitting. *(Id.)*

/////

---

[1] The government's case for indictment was presented to the grand jury through the testimony of an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives. The agent based her testimony on a review of the police report and responded affirmatively when the Assistant United States Attorney asked, "did the officers indicate that they had observed Mr. Beals commit some type of parking violation?" (ECF No. 54 at 3.) This and other aspects of the pre-indictment investigation and prosecution of the case are addressed in the court's order denying defendant's motion to dismiss.

In a declaration submitted by the government with its opposition to defendant's motion, Officer Harshbarger averred that on October 19, 2009, he was looking for this particular 1994 Dodge Caravan because he "had been given information from a confidential informant that Kenneth Beals was a convicted felon and was possibly armed with a handgun," and was driving such a van. (ECF No. 19-1 ¶ 4.) Harshbarger followed up after his contact with the informant by requesting defendant's criminal history and driving record from dispatch; approximately two hours after submitting the request, Harshbarger received information that defendant's driver's license was suspended, that he was wanted on two outstanding felony warrants from Lake County, and that defendant was on probation. (*Id*. ¶ 6.) About a half hour after receiving this information, Harshbarger and his partner found the van parked in front of a liquor store. (*Id*. ¶ 7.) Harshbarger approached the driver's side of the van and saw defendant "seated behind the steering wheel." (*Id*. ¶ 8.) He recognized defendant from a prior contact and ordered him out of the van and onto the ground, after which he handcuffed him and patted him down. (*Id*. ¶ 10.) Harshbarger averred that "in order to maintain the confidentiality of the identity of my informant, I used a ruse to explain my presence at the scene." *(Id*. ¶ 11.) During the encounter, Jennifer Critchfield, who had been a passenger in the van, came out of the liquor store. She was detained but then released. At defendant's request, Harshbarger gave Critchfield defendant's keys and she was allowed to drive the van away so it would not be impounded. *(Id*. ¶ 14.) After defendant was handcuffed and placed in a patrol vehicle, the officers searched the van and, on the floorboard near the driver's seat, found the firearm that is the subject of defendant's pending motion. *(Id*. ¶ 15.) After being advised of and waiving his *Miranda*[2] rights, defendant acknowledged that the gun the officers found was his. *(Id*. ¶ 16.) In his declaration, Harshbarger explained, "I omitted from my report any mention of the fact that I had received information from a confidential informant . . .. because I wanted to protect the identity of the confidential informant for the informant's safety." *(Id*. ¶ 17.)

/////

---

[2] *Miranda v. Arizona,* 384 U.S. 436 (1966).

3

Officer Harshbarger also testified in an *in camera* examination the court conducted in considering defendant's motion to dismiss. During that examination, Harshbarger identified Critchfield as the informant, said he was aware she was on probation for non-violent offenses, and explained that she had been exchanging money for information for approximately three years. (ECF No. 52 at 2-3.[3]) When Critchfield provided information, Harshbarger said "[i]t always resulted in an arrest based on information she supplied." (*Id.* at 3:17-18.) In this case, she provided Harshbarger with defendant's name and advised that there were felony warrants outstanding for defendant's arrest. (*Id.* at 5:25-6:1.) Harshbarger understood that Critchfield's reason for providing the tip was "to advise the police department of somebody that was armed with a handgun out on a public street, make us aware of it." (*Id.* at 4:16-18, 6:13-18.) Officer Harshbarger did not tell the U.S. Attorney's Office about the existence of the informant until three months before the *in camera* hearing, nearly two years after the grand jury indicted defendant. Harshbarger testified he was acting to protect the informant. (*Id.* at 14.) His desire to protect Critchfield's identity also prompted him to omit any mention of her from the police report and to claim instead as a "ruse" that he approached the van because it was a commonly stolen model and was improperly parked. (*Id.* at 16.)

III. Analysis

          A. Reasonable Suspicion To Approach Van

The Fourth Amendment's protections against unreasonable searches and seizures by the government "extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Arvizu*, 534 U.S. 266, 273 (2002); *see also United States v. Patch*, 114 F.3d 131 (citing *Terry v. Ohio,* 392 U.S. 1, 22-29 (1968)). Under these circumstances, where the intrusion is not into a person's residence, "the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity '"may be afoot."'" *Arvizu*, 534 U.S. at 273 (citing *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). Reasonable suspicion must have a "particularized and objective basis," but may be

---

[3] Page references are to the page numbers assigned in the Reporter's Transcript.

1 based on an officer's experience and specialized training and the evaluation of inferences based
2 on that training. *Arvizu*, 534 U.S. at 273, 276.

A court considering whether a confidential informant's tip supports a finding of reasonable suspicion "must employ a 'totality of the circumstances approach' that takes into consideration the informant's 'veracity' or 'reliability' and [her] 'basis of knowledge.'" *United States v. King*, 672 F.3d 1133, 1137 (9th Cir. 2012) (citing *United States v. Rowland*, 464 F.3d 899, 907 (9th Cir. 2006)), *rehearing en banc granted*, __ F. 3d __, 2012 WL 1889772 (9th Cir. May 24, 2012). The court assesses reliability by considering the following factors: "(1) whether the tip was anonymous; (2) whether the informant had a proven track record of reliability; (3) whether the informant revealed his/her basis of knowledge; and (4) whether the informant provided detailed, predictive information that was later corroborated by police observation." *Id. (*citing *Rowland,* 464 F.3d at 907-08). Here, although Officer Harshbarger did not disclose the informant's identity in his report, he knew her identity, and he had prior experience with her in which she had consistently provided only reliable information. Again, although Harshbarger did not report as much, it can be inferred that the informant's basis of knowledge was that she was a passenger in defendant's van at the time she provided the tip; she provided sufficient detail to support the officers' looking for the van with defendant inside. Based on her information, Harshbarger checked defendant's criminal history with dispatch, through which he learned that defendant had two outstanding felony warrants and was on probation. The belief that a vehicle's occupant is subject to outstanding felony arrest warrants supports a vehicle stop in the first instance. *United States v. Hensley*, 469 U.S. 221, 229 (1985). Moreover, reasonable suspicion is not required to justify the search of a probationer; as the Ninth Circuit has concluded in light Supreme Court precedent, "a suspicionless search of a probationer does not violate the Fourth Amendment." *United States v. Baker*, 658 F.3d 1050 (9th Cir. 2011).

No aspect of the officers' approach to defendant's van or their initial pat down of defendant violated the Fourth Amendment.

/////

/////

B. Probable Cause To Search Van

An exception to the Fourth Amendment's requirement of a warrant to conduct a search allows a warrantless search of the passenger compartment of a vehicle to be conducted incident to arrest. *New York v. Belton*, 453 U.S. 454, 460 (1981); *United States v. Robinson*, 414 U.S. 218, 224 (1973). A search incident to arrest occurs when one has been lawfully arrested; it is well-established that the police then have the right to make a contemporaneous search of the person arrested. *Preston v. United States*, 376 U.S. 364 (1964).[4] This right "extends to things under the accused's immediate control." *Id.*; *Belton*, 453 U.S. at 460 n.4; *Robinson*, 414 U.S. at 224. Without an arrest, an officer may search a vehicle without a warrant if he has probable cause to believe that the vehicle contains contraband or evidence of illegal activity. *Carroll v. United States*, 267 U.S. 132, 149 (1925); *Maryland v. Dyson*, 527 U.S. 465, 467 (1999). Probable cause is a "belief, reasonably arising out of circumstances known to the seizing officer" that the vehicle may contain contraband or evidence of illegal activity. *Carroll*, 267 U.S. at 149. The scope of a warrantless, probable-cause based search is the entire area of the vehicle that might contain the object of the search. *United States v. Ross*, 456 U.S. 798, 820-24 (1982) (concluding that "[the scope of a warrantless search] is defined by the object of the search and the places in which there is probable cause to believe that it may be found").

Here, assuming defendant was arrested before the search of the van based on the outstanding felony warrants from Lake County, the search was justified as incident to a lawful arrest. Harshbarger's declaration, indicating that the search was conducted after defendant had been placed in a patrol vehicle, supports the conclusion that the search was contemporaneous with the arrest. The search conducted, of the floorboard near the driver's seat, was of an area within the control of defendant, who was seated behind the steering wheel when Officer Harshbarger approached the van.

/////

---

[4] Contemporaneity is not, however, a threshold requirement for the warrantless search of a vehicle. *United States v. Johns*, 469 U.S. 478, 484 (1985) ("no requirement that the warrantless search of a vehicle occur contemporaneously with its lawful seizure").

Even if the search was made after the arrest, Critchfield's tip that defendant was possibly armed with a firearm and driving the Dodge van provided probable cause for the officer to believe that the van contained evidence of illegal activity. *King*, 672 F.3d at 1137 (confidential informant's tip can also be sufficient to support a finding of probable cause).

### C. Defendant's Statements

Defendant does not dispute that Officer Harshbarger advised him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), before taking the statement in which he acknowledged the gun was his. Because the officers' actions prior to defendant's being taken into custody and providing his statement – their approach to the van, the arrest of defendant, the search of the van – all were lawful, there is no bar to the admission of defendant's statements.

### D. Evidentiary Hearing

Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court. *United States v. Santora,* 600 F.2d 1317, 1320 (9th Cir.), *modified on other grounds,* 609 F.2d 433 (1979). An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue. *United States v. Licavoli,* 604 F.2d 613, 621 (9th Cir.1979); *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986); *see also United States v. Batiste*, 868 F.2d 1089, 1091-92 (9th Cir. 1989). On the current record, where the factual record is sufficiently clear and it is the legal conclusions to be drawn from that record that are in dispute, the court finds a full evidentiary hearing, in addition to the *in camera* hearing already held in connection with the motion to dismiss, is not warranted.

Accordingly, defendant's motion to suppress and for an evidentiary hearing is DENIED.

DATED: June 14, 2012.

_____
UNITED STATES DISTRICT JUDGE